**FILED**

**October 20, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 11:15 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

Karen Lee,
        Employee,

v.

JRK Property Holdings
d/b/a Holiday Inn Express,
        Employer,

And

Federal Insurance Co.
        Carrier.

Docket No.: 2016-06-1506

State File No.: 32104-2016

Judge Robert Durham

---

## EXPEDITED HEARING ORDER DENYING BENEFITS
## (REVIEW OF THE FILE)

---

This cause came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by Karen Lee pursuant to Tennessee Code Annotated section 50-6-239 (2015) to determine if JRK Property Holdings (JRK) is obligated to provide workers' compensation benefits. Pursuant to Rule 0800-02-21-.02(13) (2015) of the Tennessee Compilation Rules and Regulations, Ms. Lee requested the Court issue a ruling based on a review of the file without an evidentiary hearing. On October 10, 2016, the Court sent a Docketing Notice to the parties regarding the contents of the record before it. (T.R. 4.) Neither party raised any objection to the documents contained in the record, other than the medical bills submitted by Ms. Lee.[1] (T.R. 5.) Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes it needs no further information to render judgment.

The dispositive issue is whether Ms. Lee has sufficiently established she is likely

---

[1] JRK objected to the medical bills submitted by Ms. Lee on the basis of hearsay. (T.R. 5.) Ms. Lee did not respond, and the Court sustains the objection. Therefore, the medical bills, attached as Collective Exhibit 1 for identification purposes, will not be considered in the Court's decision

1

to prevail at trial in proving she sustained an injury to her right hip that arose primarily out of and in the course and scope of her employment with JRK. Ms. Lee also seeks reimbursement for past medical expenses, additional medical care, and temporary total disability benefits, should she establish a compensable claim. A secondary issue is whether Ms. Lee provided notice of a possible work-related injury sufficient to impose an obligation on JRK to provide a panel of physicians for treatment in accordance with Tennessee Code Annotated section 50-6-204 (2015). The Court holds the evidence submitted by Ms. Lee is insufficient to establish she is likely to prevail at a hearing on the merits on either issue at this time.

## History of Claim

In 2011, Ms. Lee began work as a housekeeper at a Holiday Inn Express operated by JRK. (Ex. 1.) Ms. Lee alleged that on March 6, 2016, she injured her right hip while picking up a case of apples from a walk-in cooler and pivoting right to left in order to set the case on the floor. (Ex. 2.)[2] On March 14, Ms. Lee obtained a work excuse from her family doctor, Clarissa Arthur, M.D., excusing her from work on March 6 and 7. (Ex. 3.) The note states Ms. Lee, "was injured on Sunday March 6th which carried over until March 7."[3] *Id.*

On April 26, Ms. Lee sought treatment with Dr. Lucas Burton. (Ex. 4.) Dr. Burton noted Ms. Lee claimed a four- to six-week history of severe right hip and groin pain that was sudden in onset when she pivoted carrying a case of apples at work. *Id.* Ms. Lee also reported undergoing a partial hip replacement eight years earlier following a hip fracture. X-rays revealed the prosthetic joint was fractured. (Ex. 4 at 2.) According to the First Report of Injury, Ms. Lee then notified JRK of the alleged March 6 work injury, and JRK filed the FROI on April 27. (Ex. 1.) That same day, Dr. Burton performed surgery to convert the previous hip repair to a total hip replacement. (Ex. 4 at 6.) The operative record noted Ms. Lee sustained a "twisting injury at work while lifting a case of apples." *Id.*

On June 1, JRK denied Ms. Lee's claim for workers' compensation benefits. (Ex. 5.) Ms. Lee subsequently filed a Petition for Benefit Determination, but mediation was unsuccessful. In response to Ms. Lee's REH, JRK submitted testimony by affidavits from various employees. Bruce Burlason, director of JRK's housekeeping, averred Ms. Lee never notified him of a work injury on March 6, and the first time he heard of an alleged work injury was in late April, shortly before her hip surgery. (Ex. 6.) Dan Deaver, JRK's director of rooms, also denied Ms. Lee notified him of a work injury on March 6. He testified that she first claimed to have injured herself at the time her hip replacement was scheduled. He stated she told him she had not reported it for fear of

---

[2] In her Petition for Benefit Determination, Ms. Lee alleged the injury occurred on March 28, 2016, and that she notified her supervisor, Dan Deaver, on the day it occurred.

[3] Neither party provided any additional records from Dr. Arthur.

losing her job and because she did not realize the severity of the injury. Furthermore, he testified through his affidavit that Ms. Lee was not on the work schedule on March 6. (Ex. 7.)

Douglas Vandenberg, JRK's general manager, affirmed by affidavit that, according to JRK's payroll records, Ms. Lee did not receive any pay for March 6 but took sick leave that day. (Ex. 8.) Finally, Tinesha Holcomb, JRK's front desk supervisor on March 6, testified Ms. Lee did not notify her of a work injury on that date, and she did not know Ms. Lee was claiming one until April 21 when another manager asked if she had filled out an incident report for Ms. Lee in the last month. (Ex. 9.)

Ms. Lee contends she injured her right hip as a result of a work-related injury on March 6, 2016, thus entitling her to workers' compensation benefits. JRK argues Ms. Lee has failed to establish she would prevail at a hearing on the merits regarding causation and notice; thus, her claim should be denied.

**Findings of Fact and Conclusions of Law**

The Court must interpret Workers' Compensation Law fairly, impartially, and by basic principles of statutory construction, favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015). Ms. Lee has the burden of proof on all essential elements of her claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

Ms. Lee need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, Ms. Lee has the burden to come forward with sufficient evidence from which the trial court can determine that she is likely to prevail at a hearing on the merits. *Id.; see also* Tenn. Code Ann. § 50-6-239(d)(1) (2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.,* No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

JRK asserts Ms. Lee failed to produce sufficient evidence to show she is likely to prevail on the issue of causation regarding her alleged work-related hip injury. In order to establish causation, an employee must prove "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the death,

3

disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). The term "reasonable degree of medical certainty" means that, "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D) (2015). Thus, causation must be established by expert medical testimony, and it must be more than "speculation or possibility" on the part of the doctor. *Id*.

Here, the Court holds Ms. Lee failed to produce sufficient medical evidence to find she is likely to prove at trial that the alleged work incident of March 6 contributed more than fifty percent to the prosthesis fracture in her right hip. Tenn. Code Ann. § 50-6-102(14)(C) (2015). While the medical records do recount Ms. Lee's history, and at least imply the injury is consistent with such an event, they do not contain an opinion regarding causation consistent with the standard required by statute.

JRK also contests Ms. Lee's claim on the issue of notice. Tennessee Code Annotated section 50-6-201(a)(1) (2015) provides:

> (a)(1) Every injured employee or the injured employee's representative shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury[.] . . . No compensation shall be payable under this chapter, unless the written notice is given the employer within thirty (30) days of the accident, unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.

In this matter, Mr. Burlason, Mr. Deaver, and Ms. Holcomb all testified that Ms. Lee did not notify them of a work-related injury on March 6, and it was not until around the time of her hip replacement surgery that they were aware she was claiming an injury at that time. (Exs. 7, 8, 9.) Furthermore, the FROI states Ms. Lee first provided notice of an alleged March 6 work-related injury on April 26. (Ex. 1.) Finally, Ms. Lee did not provide any sworn testimony asserting she provided notice to anyone at JRK regarding her alleged March 6 injury before April 26. While Mr. Deaver's affidavit does note Ms. Lee claimed she didn't say anything at the time for fear of losing her job and because she was not aware of the severity of her injury, the Court is unpersuaded that this constitutes a "reasonable excuse" as required by Tennessee Code Annotated section 50-6-201(a)(1) (2015). According to the medical records and Ms. Lee's affidavit, she felt sudden, intense pain immediately after pivoting with the box of apples, and the pain was apparently sufficient to cause her to miss two days of work. Thus, the Court finds that Ms. Lee, assuming she did sustain an injury on March 6, did not have a reasonable excuse for waiting more than thirty days to report it.

Finally, Tennessee Code Annotated section 50-6-201(a)(3) (2014) provides that:

4

No defect or inaccuracy in the notice shall be a bar to compensation, unless the employer can show, to the satisfaction of the workers' compensation judge before which the matter is pending, that the employer was prejudiced by the failure to give the proper notice, and then only to the extent of the prejudice.

The Court finds JRK was prejudiced by the late notice. By the time Ms. Lee placed it on notice, she was scheduled to undergo hip replacement surgery the next day, thus giving JRK little opportunity to investigate the claim or even provide its own panel.

Thus, Ms. Lee has provided insufficient evidence to establish she is likely to prevail on the issues of causation or notice, and the Court denies her request for reimbursement of medical expenses and temporary disability benefits at this time.

However, an employee does not have to prove compensability in order to establish entitlement to a panel of physicians from which she may choose an authorized physician. *McCord, supra,* at \*16, 17. In *McCord,* the Workers' Compensation Appeals Board found that:

> [W]hether the alleged work accident resulted in a compensable injury has yet to be determined. Therefore, while Employee has not proven by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of employment, she has satisfied her burden at this interlocutory stage to support an Order compelling Employer to provide a panel of physicians.

*Id.* Thus, the question becomes whether Ms. Lee provided sufficient evidence of entitlement to a panel of physicians to satisfy her "burden at this interlocutory stage." *Id.* at 17. The Court finds that she has failed to do so at this time.

Ms. Lee's affidavit avers that the work-related injury occurred on March 6, 2016. (Ex. 2.) However, Dan Vandenberg testified JRK's records confirm Ms. Lee did not actually work on March 6, but that she took sick leave instead. (Ex. 8.) Ms. Lee offered no additional evidence to rebut Mr. Vandenberg's testimony that she did not actually work on March 6. While the work excuse note from Dr. Arthur, Ms. Lee's family physician, states Ms. Lee was "injured on Sunday March 6th," the note does not say the injury was work-related, or describe the injury in any way. (Ex. 3.)

At this point, a finding in favor of Ms. Lee would require the Court to engage in speculation and conjecture regarding causation, which cannot serve as justification for the provision of benefits. *See Shelton v. Torrington Co.,* No. 01501-9704-CV-00092, 1998 Tenn. LEXIS 107995, at \*10 (Tenn. Workers' Comp. Panel Mar. 13, 1998) (citing

5

*Reeser v. Yellow Freight*, 938 S.W.2d 690, 692 (Tenn. 1997)). This premise is particularly true given that the Workers' Compensation Law no longer allows a remedial construction by the court. *See* Tenn. Code Ann. § 50-6-116 (2014). Therefore, the Court holds Ms. Lee failed to meet her burden in establishing she is entitled to a panel of physicians at this interlocutory stage.

IT IS, THEREFORE, ORDERED that:

1. Ms. Lee's request for workers' compensation benefits is denied at this time.

3. This matter is set for an Initial Hearing on November 30, 2016, at 1:30 p.m. C.S.T.

**ENTERED THIS THE 20th DAY OF OCTOBER, 2016.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

**Initial Hearing:**

**An Initial Hearing has been set with Judge Robert Durham, Court of Workers' Compensation Claims. You must call 615-253-0010 or toll-free at 855-689-9049 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

7

# APPENDIX

Exhibits:

1. First Report of Injury
2. Affidavit of Karen Lee
3. Work Excuse from Dr. Clarissa Arthur
4. Medical records of Dr. Lucas Burton
5. Notice of Denial
6. Affidavit of Bruce Burlason
7. Affidavit of Dan Deaver
8. Affidavit of Tinesha Holcomb
9. Affidavit of Douglas Vandenberg
10. JRK Job Description for Houseman
11. Wage Statement
12. Medical Bills

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. JRK's Position Statement
5. Docketing Notice
6. JRK's Notice of Objection

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Benefits was sent to the following recipients by the following methods of service on this the 20th day of October, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Karen Lee | X | | | 2925 Wingate Ave. Nashville, TN 37211 |
| Adrienne Fazio | | | X | afazio@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov